IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JOHN DANIEL SHACKELFORD,
ADC #137484                                                                                          PLAINTIFF

VS.                            CASE NO.4:08CV00424WRW/HLJ

DALE REED, et al.                                                                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge  (if such a  hearing is granted)  was not  offered at  the
        hearing before the Magistrate Judge.

    3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I. Introduction

This matter is before the Court on defendants' motion for summary judgment (DE #44). Plaintiff has filed responses to the motion (DE ##48, 54), and defendants have filed a reply (DE #55).

Plaintiff is an inmate incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction (ADC). He filed this action pursuant to U.S.C. § 1983 against defendants, alleging deliberate indifference to his safety needs after he suffered injuries in a fall from a roof on which he was working while incarcerated at the Quachita Regional (Malvern) Unit. Plaintiff asks for monetary relief from defendants, Warden Dale Reed, Construction Supervisor George Nelson and Roofing Supervisor Donnie Robinson.

According to the mostly undisputed facts and plaintiff's deposition testimony (DE #44, Ex.

A), plaintiff was housed at the Malvern Unit in April, 2007. He was initially assigned to a hoe squad job detail but requested to be assigned to the construction detail, where he began working in August, 2007. He requested to be assigned to the roofing detail of the job and indicated he had worked as a roofer prior to his incarceration. Prior to beginning his job, plaintiff was provided an orientation and safety training and he attended the weekly safety meeting for inmates on September 17, 2007, at which time roof safety was discussed. The weekly safety report, signed by the plaintiff, states that openings in the roof should be covered by plywood or heavier material (DE #44, Ex. B).

The incident at issue occurred on September 21, 2007. Plaintiff was working on a roof where several skylight areas were located. Plaintiff was responsible for placing rubber around the base of the area reserved for the light so the light would not leak, and he prepped the areas by laying hot tar and felt paper. At the time the prepping began, the skylight was covered with plywood, but was later removed by one of the inmates who was working with plaintiff. While laying felt paper around a skylight hole, plaintiff caused approximately one foot of the hole to be covered with the paper, and accidentally stepped on that area and fell into the hole. Plaintiff was taken to the hospital and later transferred back to the Malvern Unit. Plaintiff's right hand was injured in the fall.

Plaintiff testified in his deposition that he has never seen defendant Reed and has never corresponded with him, and has never seen defendant Nelson. Plaintiff also testified his one encounter with defendant Robinson occurred after the incident, when Robinson asked him if he was okay.

## II. Summary Judgment Motion

A.  Defendants' Motion

In support of their motion, defendants state plaintiff's complaint against them should be

dismissed for the following reasons: 1) plaintiff sued them in their official capacities only, and they are protected from monetary liability by Eleventh Amendment immunity; 2) plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, because he did not timely file an informal resolution and/or formal grievance pursuant to the ADC grievance procedure; 3) defendants were not deliberately indifferent to plaintiff's safety needs and can not be held liable based on their supervisory capacities; and 4) defendants are protected from liability by qualified immunity.

B.  Plaintiff's Responses

In his responses, plaintiff initially states he filed this lawsuit against defendants in both their personal and official capacities.  He also states he requested assistance from the staff in filing a grievance because of his injured arm, but was denied assistance.  Plaintiff states defendants Robinson and Nelson knew the skylight holes were not properly fitted with safety bars prior to the inmates working on the roof, and that no supervisor told him not to step over the skylight holes. Plaintiff states defendants were deliberately indifferent because prior to his incident another inmate also uncovered a skylight hole and fell through the area, and therefore, defendants were aware of a substantial risk of serious harm.  Finally, plaintiff states defendants are not entitled to qualified immunity because they "turned a blind eye to the fact that an injury can and will happen."

C.  Defendants' Reply

In their reply, defendants first state they are entitled to summary judgment because plaintiff failed to controvert their statement of facts, pursuant to Local Rule 56.1.  Defendants also state plaintiff should not be permitted to amend his complaint at this late juncture in the case to pursue his claims against them in their individual capacities.  Defendants also state plaintiff's failure to file

a grievance was due to his own fault and that he was able to write because he submitted a sick call request shortly after he returned to the Malvern Unit.  Defendants state despite this, plaintiff did not complete an informal resolution within fifteen days of the incident, as required by the ADC grievance procedure.  Finally, defendants state the facts clearly support summary judgment in their favor, citing the following undisputed facts: 1) plaintiff was provided with safety training, attended the weekly safety meeting, and signed the safety report indicating he understood the safety procedures, which included, "Any opening in the roof should be covered by 3/4" plywood or heavier material."; 2) plywood coverings over the skylight holes did not have to be removed in order to prep the roof; 3) plaintiff himself rolled the felt paper in the manner which caused it to cover part of a hole and later misjudged his steps and fell into the hole; 4) plaintiff has never seen defendants Reed or Nelson on the construction site; 5) plaintiff requested his roofing job and never requested safety bars or a safety harness from the defendants; 6) plaintiff has not alleged or proven defendants were even aware another inmate removed the plywood from the skylight area; and 7) the absence of safety devices, despite knowledge of prior injuries, does not establish deliberate indifference, citing Choate v. Lockhart, 7 F,.3d 1370 (8th Cir. 1991), and Warren v. Missouri, 995 F.2d 130 (8th Cir. 1993).

D.  Standard of Review

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See  Dulaney v. Carnahan, 132 F.2d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."  Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998).

"Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

E.  Analysis

Despite the other arguments set forth by defendants in support of their motion, the Court finds summary judgment appropriate because of the lack of disputed material facts which would support plaintiff's claim of an Eighth Amendment violation.  In order to support an Eighth Amendment claim, plaintiff must show defendants were deliberately indifferent to his health and safety needs, including that defendants acted or failed to act despite a knowledge of a substantial risk of harm.  Farmer v. Brennan, 511 U.S. 825 (1994); Choate v. Lockhart, supra.  Furthermore, in Choate the Court noted that mere negligence or inadvertence does not satisfy the test, which requires a highly culpable state of mind, approaching actual intent. Id., 7 F.3d at 1374.

In this particular case, however, plaintiff fails to present any evidence to support such an intent on the part of the defendants.  Plaintiff admits that he requested the roofing job, that he was experienced with such work, that he attended the safety training which included a warning about uncovered skylight holes, that another inmate removed the plywood from the hole, that he was responsible for covering part of the hole with the felt and ultimately mis-stepped resulting in his fall.  Plaintiff also admits not seeing defendants Reed or Nelson while he was working on the job, and his sole allegation against defendant Nelson and Robinson is that they were aware the holes were not

fitted with safety bars.  In <u>Warren v. Missouri,</u> <u>supra</u>, the Court held that even if defendants knew of similar prior injuries, that fact alone was not sufficient to create a genuine issue of fact that defendants were deliberately indifferent to a serious issue of workplace safety.   Accordingly,

IT IS, THEREFORE, ORDERED that defendants' motion for summary judgment (DE #44) is hereby GRANTED and plaintiff's complaint against defendants is DISMISSED without prejudice.

IT IS SO ORDERED this 29th day of May, 2009.

_____
United States Magistrate Judge